UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>DOE 68.72.213.5,<br><br>                 Defendant. | Case No.: 18-CV-32-JLS(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**<br><br>**[ECF No. 4.]** |

      Plaintiff claims to hold copyrights to the movies *Tushy*, *Blacked*, and *Vixen*. Plaintiff now moves *ex parte* for an order permitting it to conduct discovery prior to the Rule 26(f) conference and serve a subpoena on AT&T Inc./AT&T U-Verse to ascertain the identity of an unknown individual who allegedly has infringed its copyrights. For the reasons that follow, and on the terms specified in this Order, the Court GRANTS the motion.

      Plaintiff filed this lawsuit on January 4, 2018 asserting a single claim for copyright infringement under 17 U.S.C. § 101 *et seq.* The instant motion was filed on January 25, 2018. No defendant has been served. In the Complaint, Plaintiff alleges that between June 18, 2017 and October 28, 2017 the Doe defendant used the BitTorrent peer-to-peer distribution network to copy and distribute the subject works over the internet without Plaintiff's authorization. Data provided by an investigator identified the Internet Protocol

("IP") address associated with the infringing activity as 68.72.213.5 and San Diego as the location of the infringing activity.[1] However, Plaintiff cannot proceed further in this case without the identity of the person associated with the IP address above.

A party ordinarily may not seek discovery from any source prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, the Court may order expedited discovery, and courts within this Circuit issue such orders on a showing of good cause. *See Semitol, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Cobbler Nevada, LLC v. Doe-68.8.213.203*, 2015 WL 9026554, at *1 (S.D. Cal. Dec. 15, 2015). One situation in which early discovery may be necessary appears in cases in which the defendant's identity cannot be determined at the time the action is commenced. The Ninth Circuit has held that "[i]n such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts accordingly have required a party to meet four requirements before granting leave to use expedited discovery to uncover the identity of an unknown defendant: (1) The party must "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court;" (2) the party must demonstrate that it has made good faith attempts to identify and serve the defendant; (3) the party must show that the lawsuit could withstand a motion to dismiss; and (4) the party must show that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Dallas Buyers Club LLC v. Doe-73.202.228.252*, 2016 WL 1138960, at *3 (N.D. Cal. March 23, 2016); *Uber Techs., Inc. v. Doe*, 2015 WL 4451372, at *3 (N.D. Cal. July 20, 2015). Plaintiff has met each of these requirements.

---

[1] The Court has confirmed that San Diego is this IP address's location via www.iplocation.net.

Plaintiff must first identify the missing defendant with sufficient specificity so that the Court can determine whether the defendant is a real person or entity who can be sued in federal court. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *Dallas Buyers Club, LLC v. Doe-68.101.166.122*, 2016 WL 2343912, at *2 (S.D. Cal. May 4, 2016). Here, Plaintiff has identified the unique IP address associated with the allegedly infringing conduct and has identified the dates of the infringing conduct. Plaintiff has also used "IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." (ECF No. 1 ¶ 9.)[2] Plaintiff has therefore provided the Court sufficient basis to conclude that the defendant is a real person or entity who may be sued in federal court.

Plaintiff must also demonstrate that it has made good faith efforts to identify and serve the defendant. Plaintiff has explained the steps that it has taken to uncover the IP address allegedly used to infringe its copyrights, and the requested discovery is the only means available to it of obtaining information that may lead to the identification of the Doe defendant. Although not discussed in Plaintiff's moving papers, the Court notes that the Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior consent of the subscriber unless the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c); *see QOTD Film Invest. Ltd. v. Doe-72.220.214.236*, 2016 WL 1324424, at *4 (S.D. Cal. April 5, 2016). Plaintiff accordingly

---

[2] By signing the complaint, counsel for Strike 3 Holdings LLC has represented that the factual contentions therein, including Plaintiff's use of geolocation technology to link the IP address to this District, "have evidentiary support." Fed. R. Civ. P. 11(b)(2).

is unlikely to be able to obtain the information it seeks without assistance from the Court.

Plaintiff is also required to show that the Complaint could survive a motion to dismiss. The Complaint in this case asserts a single claim of direct copyright infringement. To establish a prima facie case, Plaintiff must demonstrate (1) ownership of a valid copyright and (2) that Defendant violated the copyright owner's exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)). Plaintiff purports to hold rights to the copyrighted works at issue and alleges that between June 18, 2017 and October 28, 2017, an individual or entity using IP address 68.72.213.5 infringed its copyright by copying and distributing the work over the internet without its permission or consent. The Court therefore finds that Plaintiff has alleged the prima facie elements of direct copyright infringement. Further, by alleging that the defendant is believed to reside and to have committed the infringing acts in this District, Plaintiff has made a plausible showing that this Court may establish personal jurisdiction and that venue is proper. The Court finds that Plaintiff would likely survive a motion to dismiss.

Finally, Plaintiff must show that the discovery sought is reasonably likely to lead to information that will permit Plaintiff to identify and serve the Doe defendant. Plaintiff requests permission to use a Rule 45 subpoena to ascertain the identity of the subscriber associated with the subject IP address during the period of the allegedly infringing conduct. Plaintiff contends that the "Defendant's name and address can be provided by Defendant's Internet Service Provider." (ECF No. 1 ¶ 12.) Plaintiff has shown that the discovery sought is reasonably likely to lead to the missing defendant.

## CONCLUSION AND ORDER

Finding good cause, the Court grants Plaintiff's motion for expedited discovery and orders that:

    a. Plaintiff may serve a Rule 45 subpoena on AT&T Inc./AT&T U-Verse seeking only the true name and address of the subscriber associated with the

IP address 68.72.213.5 during the time period of the allegedly infringing conduct described in Plaintiff's Complaint.

b. Plaintiff may not use information disclosed in response to the subpoena for any purpose other than the protection of its rights in this litigation.

c. Within fourteen calendar days after service of the subpoena, AT&T Inc./AT&T U-Verse shall notify the subscriber that its identifying information has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty calendar days from the date of such notice to challenge the disclosure of its information.

d. If AT&T Inc./AT&T U-Verse wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five days between service and production. If a motion to quash or other customer challenge is brought, AT&T Inc./AT&T U-Verse shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

e. Plaintiff shall serve a copy of this order on AT&T Inc./AT&T U-Verse along with its subpoena. AT&T Inc./AT&T U-Verse, in turn, must provide a copy of this order along with the required notice to the subscriber whose identity is sought.

**IT IS SO ORDERED.**

Dated: January 31, 2018

Hon. William V. Gallo
United States Magistrate Judge